47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AGENCY PREMIUM RESOURCE, INCORPORATED, a Kansas corporation,
Plaintiff-Appellee,
v.
C.K. PATRICK, INC.; Association Insurance Service,
Incorporated; Administrative Insurance Services,
Incorporated; Gerald E. Fitzgerald,
Harant Family Trust,
Defendants-Appellants,
and Arthur BLUMEYER, Atlantic General Insurance Company;
Association Groups of America, Incorporated; A.B. Carter,
Inc.; Risk Retention Service Corporation; Super Star
Express; Khalil Homeidan, doing business as California
Shuttle Limo Service; Bob Wolfson, doing business as Black
Tie Limousine; Sogomon Shakhkaramyan, doing business as
Comprehensive Transportation; Pacific Coast Car and Limo
Service, Incorporated; Southern California Shuttle Service;
Claudio Espinoza; Shuttle Trak La/Speed Link Express;
Vinita Tharanee, doing business as Primo Limousine; Super
Car Services; Harish Bhatia, doing business as Alexus
Limousines and Tours; Jim Ortega Trucking; Coast Shuttle,
Inc.; Richard D. Orson & Son; M.A.T. Landscape; Pinnacle
Transportation, Incorporated; Coastal Transportation,
Incorporated; John Slingerland; B.V.C. Investment, doing
business as Club, The; South Coast Cab; Jorge Delgado;
Prime Time Shuttle; Ahmed Hamza, doing business as Century
City Limousine; Orange Express Limousine, Incorporated;
Taeguk Airport Shuttle; USANA Al Bostani, doing business as
Airtrans Express; South Coast Coach; V.I.P. Limousines and
Coaches; West Coast Transportation Network; Ronald Emms;
Ramesses Enterprises; American Waste Removal; Radio Cab;
VU VAN VO, doing business as Advantage Airport
Transportation Services; Apollo Soyuz Airport Passenger
Services, John Doe, Inc., and John Doe, Defendants.
 No. 94-1411
(D.C. No. 92-Z-1707)
 United States Court of Appeals,
Tenth Circuit.
 Filed 2/22/95
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellants appeal from the district court's order denying appellants' motion for award of attorneys fees, costs and sanctions against appellee, filed pursuant to Fed.R.Civ.P. 11, 28 U.S.C.1927 and C.R.S. 13-17-101, et seq.
 
 
 3
 The district court denied the motion on the ground that a four-month delay in filing the motion was unreasonable. In its order, the district court stated that "... the only inherent authority the court has to award fees is that granted by the Federal Rules of Civil Procedure and by statute. Therefore, only the requests under Fed.R.Civ.P. 11 and 28 U.S.C.1927 will be considered."
 
 
 4
 The district court did not note that under Chambers v. Nasco, Inc., 501 U.S. 32 (1991), the Supreme Court recognized that federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, such as to punish conduct which abuses the judicial process, i.e., action taken in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. at 43-46. See also United States Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1240-45 (10th Cir.1988). Even so, the district court's basis for denying the motion was because of the "long delay" in filing the motion after remand. There are no "bright line" rules governing the issue of delay.
 
 
 5
 On appeal, appellants contend that the district court abused its discretion in finding that appellants' Motion for Sanctions Under Rule 11 was untimely because it was filed four months after the issuance of the order of remand, and without consideration of the circumstances surrounding the motion, including recognition of the fact that the appellee had been on notice of the sanctions issue since early in the lawsuit.
 
 
 6
 In LaRouche v. National Broadcasting Co., Inc., 780 F.2d 1134 (4th Cir.), cert. denied, 479 U.S. 818 (1986), the court held that the trial court did not abuse its discretion in denying an award of attorney fees as a sanction under Rule 11 against plaintiff and his lawyers. The appellate court gave deference to the trial court's first hand knowledge of the case and of counsel's conduct.
 
 
 7
 We cannot conclude that the district court abused its discretion in denying appellants' motion for sanctions.
 
 
 8
 We affirm for substantially the reasons set forth in the district court's "Order Denying Attorneys' Fees" filed July 25, 1994.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470